THOMPSON, Judge.
Preferred Risk Mutual Insurance Company (Preferred Risk) appeals a final order finding that enforcement of an insurance policy clause excluding coverage for damage resulting from the operation of farm machinery would violate the legislative intent of Chapter 324, Florida Statutes and the public policy of Florida. We agree this finding is incorrect and reverse.
Appellee Sheryl Jackson was the named insured under an automobile liability insurance policy issued by Preferred Risk. This policy specifically excluded coverage for “bodily injury to others or damage to any property resulting from the operation of farm machinery.” Appellee Roy Jackson, Sheryl’s husband, was involved in a collision with an automobile while operating a farm tractor, owned by appellee Eddie Jackson, *533 on a public road. Eddie Jackson made a demand upon Preferred Risk for the resulting property damage to his tractor. Preferred Risk filed a declaratory judgment action seeking a determination of the issues of law relating to coverage under Sheryl Jackson’s automobile insurance policy. The trial court found for the appellees Sheryl, Roy, and Eddie Jackson, reasoning that enforcement of the aforementioned exclusion would violate the legislative intent of Chapter 324, Florida Statutes and the public policy of Florida.
The trial court erred in finding the exclusionary language invalid. The policy clearly and unambiguously excludes from coverage the damage to Eddie Jackson’s tractor. See New Hampshire Insurance Co. v. Carter, 359 So.2d 52 (Fla. 1st DCA 1978). Furthermore, Section 324.021(1), Florida Statutes (1977) expressly excludes “farm tractors” from the definition of “motor vehicles.” Accordingly, it is difficult to imagine how the legislative intent of Chapter 324 or the public policy of Florida could be violated by a similar exclusion in the insurance policy.
REVERSED.
JOANOS and WIGGINTON, JJ., concur.